## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONNIE KELLY, | ) | CASE NO. 8:12CV79 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| HOUSING AUTHORITY OF THE CITY | ) | AND ORDER |
| OF OMAHA, STANLEY TIMM, FRANK | ) | |
| BROWN, City Councilman, WILLIAM | ) | |
| BEGLEY, OHA Board of | ) | |
| Commissioners, TONY WELCHEN, | ) | |
| OHA Board of Commissioners, JOAN | ) | |
| NIGRO, OHA Board of | ) | |
| Commissioners, DONNA WIMAN, | ) | |
| OHA Board of Commissioners, NELL | ) | |
| WINFORD, OHA Board of | ) | |
| Commissioners, and JOHN AND | ) | |
| JANE DOE 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on February 23, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Plaintiff has filed this action *pro se*. She brings this *qui tam* action as an individual relator under the False Claims Act against numerous agencies and individuals. (Filing No. 1.) Generally, she alleges that Defendants have defrauded the United States Government of millions of dollars by submitting false information to the United States Department of Housing and Urban Development. (*Id.* at CM/ECF p. 2.) The United States has declined to intervene in this matter. (Filing No. 12.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III.   DISCUSSION OF CLAIMS

As set forth above, Plaintiff brings this action *pro se* under the False Claims Act as an individual relator.  (Filing No. 1.)  The False Claims Act imposes liability on any person who presents a false or fraudulent claim for payment to the government. 31 U.S.C. § 3729(a)(1).  It authorizes private individuals to bring civil actions in the

government's name, referred to as *qui tam* actions. 31 U.S.C. § 3730(b)(1). In a *qui tam*

action under the False Claims Act, individuals actually "sue on behalf of the government

as agents of the government, which is always the real party in interest." *United States ex.*

*rel. Rodgers v. State of Ark.*, 154 F.3d 865, 868 (8th Cir.1998), (internal citation and

quotation omitted); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th

Cir. 2007), ("A *qui tam* statute effectively assigns part of the government's interest to a

relator so that the relator has standing to assert an injury suffered by the government.").

       The law in the Eighth Circuit is clear that a pro se plaintiff may not prosecute a *qui*

*tam* action on behalf of the United States. *United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir.

1951). As set forth in *Onan*:

> [W]e do not think that Congress could have intended to authorize a layman
> to carry on such suit as attorney for the United States but must have had in
> mind that such a suit would be carried on in accordance with the established
> procedure which requires that only one licensed to practice law may conduct
> proceedings in court for anyone other than himself.  While the Supreme
> Court has given this Section 232 a liberal construction . . . it is unthinkable
> that Congress by this Act intended to license laymen to practice law.  The
> practice of law is affected with a public interest and an attorney at law as
> distinguished from a layman, has both public and private obligations, being
> sworn to act with all good fidelity toward both his client and the court.

*Id.* Citing *Onan*, many other federal circuit courts agree. *See U.S. ex rel. Mergent Servs.*

*v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008), ("Because relators lack a personal interest in

False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro

se."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), (holding that a non-attorney

pro se plaintiff may not litigate a *qui tam* action under the False Claims Act); *Stoner v.*

*Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007), ("Because *qui*

*tam* relators are not prosecuting only their 'own case' but also representing the United

3

States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed pro se in FCA actions."); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004), (holding that non-attorney pro se litigants may not proceed in a *qui tam* action on behalf of the United States), *overruled on other grounds by U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009).

The United States has declined to intervene in this matter. Consistent with the law in this Circuit, and that of other Circuits that have considered the issue, this court concludes that Plaintiff may not bring this *qui tam* action *pro se*.

IT IS THEREFORE ORDERED that on the court's own motion: Plaintiff shall have until **August 13, 2012**, to obtain the services of a licensed attorney and have the attorney file an appearance in this matter. Failure to comply with this Memorandum and Order will result in dismissal of this matter without further notice.

DATED this 12th day of July, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.